IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT AUSTIN BARTLETT,<br><br>      Plaintiff,<br><br>v.<br><br>THOMAS EDWARD WELLS and RUTH ALICE WELLS FAMILY TRUSTS & RUTH SIXSTONE-WELLS JOINT AND SEVERAL; ROKNEBO, INC.; RUTH SIXSTONE-WELLS; YARN COMPANY OF PALM DESERT, LLC; MAHLER CORPORATION; MATT H. MORRIS; THE J. WELLS & WELLS COLLECTION; and DOES 1-10;<br><br>      Defendants. | Case No. 2:08-CV-367-TC<br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion to Dismiss filed by Defendants Ruth Sixstone-Wells, Thomas Edward Wells and Ruth Alice Wells Family Trusts, Yarn Co. of Palm Desert, LLC, and The J. Wells & Wells Collection (hereafter "Defendants"). (Docket Entry #8.) Defendants argue that Plaintiff's claims should be dismissed based on Plaintiff's failure to state a viable claim, the court's lack of jurisdiction, and the doctrine of res judicata. Plaintiff has not filed a response to this motion, but instead has submitted declarations of Robert Bartlett and Dr. Sophia Y. Pak. (Docket Entries #12, 13.)  Plaintiff has also submitted a motion for voluntary dismissal against specific defendants,

pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Docket Entry #14.) Both Plaintiff and Defendants have requested sanctions. (Docket Entries #9, 14.)

After carefully reviewing the complaint, motions, and the applicable law, the court recommends that Plaintiff's complaint be dismissed with prejudice.

## BACKGROUND

Plaintiff's current action is the latest in a long trail of suits against his ex-wife, Defendant Ruth Sixstone-Wells, for recovery of property that Plaintiff claims is his following the couple's 1999 Wyoming divorce. (Docket Entry #9-2.) In that action, the Wyoming court entered default judgment against Plaintiff and divided the property between Plaintiff and Defendant Sixstone-Wells. The court also transferred the debt of several corporations, which were established by the Plaintiff, to Plaintiff individually.[1] Plaintiff appealed the divorce decree, but his appeal was dismissed. (Docket Entry #9-3.)

Plaintiff next brought a California state action against Defendant Sixstone-Wells, alleging that she failed to return property awarded to him in the divorce decree. His action was ultimately dismissed, although the court entered an intermittent

---

[1] According to the Wyoming divorce decree, Plaintiff set up sham corporations and then convinced Defendant Sixstone-Wells to transfer large sums of money to those corporations. (Docket Entry #9-2, ¶¶ 11-19.) Two of Plaintiff's corporations, Mahler Corporation and Roknebo, Inc., are defendants to this action.

2

order allowing Plaintiff to pick up his property from Defendant Sixstone-Wells.  (Docket Entries #9-5, 9-6.)  Plaintiff filed several appeals of his California case's dismissal, but they all were dismissed.  (Docket Entry #9-7.)

Plaintiff then brought suit against each of the named defendants in the instant suit, plus a Richard D. Bremer, who is not party to this suit, in the United States District Court, Central District of California.  Plaintiff claimed Defendants violated the California Superior Court order by not returning to him property allegedly awarded to him in the divorce.  (Docket Entries #9-8, 9-9.)  The District Court dismissed Plaintiff's complaints, with prejudice, on a Rule 12(b)(6) motion, based on res judicata.  (Docket Entry #9-9.)

Plaintiff also filed several small claims court actions against Defendant Sixstone-Wells.  These claims also allege Defendant Sixstone-Wells unlawfully converted property awarded to Plaintiff in the divorce decree.  (Docket Entry #9-12.)

Following this string of court actions, on May 7, 2008, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed the instant action.  Plaintiff brings three causes of action again centered on the recovery of his alleged property: (1) unjust enrichment, (2) "[in]junction," and (3) breach of contract.  He alleges that Defendants are in possession of property that belongs to him, that they are unjustly benefitting from the use of the property, that they should be enjoined from

3

the continued use of the property, and that they should be required to pay taxes on it and ultimately return it to Plaintiff.  (Docket Entry #3.)  Further, Plaintiff alleges that Defendants had a written contract allowing Plaintiff to pick up his property.[2]  Plaintiff alleges that he presented himself to Defendants at an arranged time and place to pick up his property, but Defendants returned only one percent of his personal property and returned no money, thus breaching the alleged contract. Plaintiff seeks various forms of relief, including declaratory relief, compensatory damages, punitive damages, attorney fees, costs, and injunctive relief against Defendants.

Defendants responded to Plaintiff's complaint by filing the Rule 12(b)(6) Motion to Dismiss currently before the court. (Docket Entry #8.)  Defendants argue that the instant action contains the same claims Plaintiff has already tried and lost in both state and federal courts.  Among other things, Defendants argue that this court lacks jurisdiction over Defendants and that Plaintiff's claims are barred by the doctrine of res judicata.

Defendants also seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Defendants argue that Plaintiff's action was filed in bad faith, that it is frivolous, and that Plaintiff is a vexatious litigator.

---

[2]The court notes that no evidence has been produced by either party of this contract.

4

Plaintiff has not filed a reply to Defendants' Motion to Dismiss. Instead, Plaintiff has filed a Motion for Voluntary Dismissal pursuant Rule 41(a)(2) of the Federal Rules of Civil Procedure, which allows the court to dismiss complaints at Plaintiff's request at any time. Plaintiff also asks for sanctions against Defendants and their attorneys. (Docket Entry #14.)

On April 7, 2009, the court held a hearing on Defendants' Motion to Dismiss. Although notice went out, Plaintiff did not appear at the hearing or otherwise contact the court explaining his absence. Defendants' attorney was present and the court deemed the matter submitted. (Docket Entry #23.)

## ANALYSIS

Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.*

Defendants' motion to dismiss is based on several theories, including lack of jurisdiction and res judicata. The court only addresses these two arguments, however, because it finds that Plaintiff's entire complaint is barred by res judicata and therefore must be dismissed.

5

**A.   Personal Jurisdiction**

As a civil plaintiff, Plaintiff bears the burden of establishing the court has personal jurisdiction over Defendants. *See First Mortgage Corp. v. State Street Bank & Trust Co.*, 173 F. Supp. 2d 1167, 1170 (D. Utah 2001). To defeat a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must make only a prima facie case of personal jurisdiction. *See id.* The plaintiff's prima facie case may be made through well-pleaded facts in the complaint or in supporting affidavits. *See id.*

In a diversity action, such as this case, personal jurisdiction is determined by the laws of the forum state. *See Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990). Therefore, this court must apply Utah's law in determining whether personal jurisdiction exists in this case. To find personal jurisdiction over a foreign defendant, the court must find jurisdiction based on Utah's long-arm statute or another applicable Utah statute. *See First Mortgage Corp.*, 173 F. Supp. 2d at 1173. Personal jurisdiction must also comport with federal due process, meaning that Defendants must have sufficient minimum contacts with Utah such that requiring them to litigate in the state would not offend notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

The Utah Long Arm Statute provides that it intends to "assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78-77-22. As a result, Utah courts "frequently make a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII Megadiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998). Thus, the court first looks to whether the requirements of due process would be met if this court were to exercise its jurisdiction under the Utah long-arm statute.

Reading Plaintiff's *pro se* complaint liberally, as the court is required to do, the court concludes that Plaintiff has alleged necessary facts to establish personal jurisdiction in Utah. Attached to Plaintiff's complaint is a list of property allegedly in Defendants' possession. (Docket Entry #3-3.) Many items are listed as "taken from the Logan, Utah residence and the Salt Lake City storage." *See, e.g.*, Docket Entry #3-3, at 2 or 25. Thus, Defendants' alleged wrongful taking of Plaintiff's property, which is the basis of Plaintiff's claims, occurred in Utah. Such alleged interaction with Utah establishes that Defendants had sufficient interaction with Utah to establish minimum contacts. Therefore, read in Plaintiff's favor, allegations that Defendants wrongfully took Plaintiff's property from a Utah location is enough to establish Defendants' minimum contacts with Utah. *See*

7

*International Shoe Co.*, 326 U.S. at 320.  Accordingly, this court concludes that it has personal jurisdiction over Defendants.

### B.  Res Judicata

Defendants next assert that Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  Defendants assert that Plaintiff's claims are barred by the doctrine of res judicata, or claim preclusion.

In the Tenth Circuit, res judicata bars a claim when three elements exist:  "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir 2000).

First the court examines whether there has been a judgment on the merits in a previous action.  There have been several previous actions in which there has been a judgment on the merits.  (Docket Entry #9-2, 9-5, 9-9, 9-10.)  Most recently, relying on res judicata, the United States District Court for the Central District of California dismissed with prejudice Plaintiff's case for failure to state a claim upon which relief could be granted because it was barred by res judicata.  (Docket Entry #9-9.)  Dismissal of a case for failure to state a claim upon which relief can be granted constitutes a judgment on the merits.  *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3.

Next, there must be an identity of the parties or their privies in both suits.  The defendants named in this case, with the exception of "Does 1-10,"[3] were all named as defendants in Plaintiff's complaint in the Central District of California. (Docket Entry #9-9.)

Finally, there must be an identity of the causes of action in both suits.  Plaintiff may not bring claims which were already brought or should have been brought in a previous action.  *See Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). To determine identity of the issues, the Tenth Circuit adopts the transactional approach of the *Restatement (Second) of Judgments* Section 24 (1982).  "What constitutes a "transaction" or "series of transactions" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit." *Staats*, 878 F.2d at 1274.

Using the transactional approach, there is an identity of the causes of action between this case and Plaintiff's previous case in the Central District of California.  While the cases allege nominally different causes of action,[4] both cases are based

---

[3]Not only has Plaintiff not named who "Does 1-10" are, he also has not given any indication of what role they play in this action.  Plaintiff simply seems to be keeping his options open so that he can add more defendants later.

[4]The causes of action in the California case include: failure to file tax returns; failure to notify all shareholders of proceedings; detinue; replevin; trover; detaining personal

9

on Plaintiff's allegations that Defendants have wrongfully failed to return Plaintiff's property following the divorce.  The Wyoming State Court, the Superior Court of California, and the Federal District Court in California have all ruled against Plaintiff with regard to similar claims,  (Docket Entries #9-2, 9-5, 9-9, 9-10), and Plaintiff's appeals from those actions have been dismissed (Docket Entry #9-7).  Plaintiff has not alleged any action by Defendants that has occurred after the Federal Court in California dismissed his claim.  Any specific causes of action brought in this case are based on the same motive as Plaintiff's previous cases – Plaintiff's desire to have property that he believes is his returned to him – and arise out of the same common set of facts.  There is no indication that any of the claims in this case could not have been brought with previous claims.  *See Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (Plaintiff may not bring claims which were already brought or should have been brought in a previous action).

    Under the doctrine of res judicata, this case should be barred.  Plaintiff has already had an opportunity to bring his

---

property; suppression of evidence; specific recovery of personal property based on the Wyoming divorce decree; fraud and intentional deceit; breach of implied covenant of good faith and fair dealing; delivery; and declaratory relief and judicial notice.  (Docket Entry #9-9.)  In the present case, Plaintiff's causes of action are unjust enrichment, junction, and breach of contract.  As the California Federal District Court held, each of these claims relate to the property Defendant Sixstone-Wells has allegedly failed to return.  (Docket Entry #9-9.)

claims against these specific defendants in other state and federal courts.  It would be unjust to compel Defendants to face continued litigation in this court of claims that have already been decided, or to give Plaintiff yet another bite at the judicial apple.  Plaintiff's complaint should be dismissed as barred by the doctrine of res judicata.

### C.  Sanctions

Plaintiff and Defendants have each requested sanctions against the opposing party in this suit.  First, Plaintiff requests sanctions generally against Defendants' attorneys for various "poisoning the well" statements made against Plaintiff in Defendants' Motion to Dismiss.[5]  Plaintiff asks that the court admonish Defendants for their "outrageous conduct."  (Docket Entry #14.)  Having reviewed and considered Plaintiff's request, the court recommends that Plaintiff's motion for sanctions be denied because Plaintiff has not given any legal ground upon which to base his request, and Defendants' conduct does not fall under that described by Rule 11 or any other rule permitting sanctions.

Second, Defendants request sanctions under Rule 11(c).  *See* Fed. R. Civ. P. 11(c).  Particularly, Defendants argue that Plaintiff has made a frivolous filing, and has brought suit for

---

[5]The statements complained of are either quoted from or generally alluded to in previous court decisions, particularly that of the Wyoming divorce court.

11

an improper purpose in violation of Rules 11(b)(1) and 11(b)(2). *See* Fed. R. Civ. P. 11(b)(1) & (b)(2). The Tenth Circuit has "adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *See White v. General Motors Corp., Inc.* 908 F.2d 675, 680 (1990). Hence, "a good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id.*

Considering the procedural history and the facts alleged in this case, the court fails to see how any reasonable attorney or party could believe that Plaintiff's claim is meritorious. His claims against Defendants have been dismissed by several courts and have already been dismissed once in federal court based on res judicata. Furthermore, Plaintiff's numerous claims against his ex-wife, spanning more than ten years, are an indication that his purpose, at least in part, is to harass and intimidate. Therefore, the court agrees with Defendants that Plaintiff's complaint constitutes a frivolous filing and recommends sanctions be imposed against Plaintiff. The court recommends that Plaintiff be required to pay the attorney fees and costs associated with Defendants' Motion to Dismiss.

### D.  Plaintiff's Motion for Voluntary Dismissal

Plaintiff also moves for voluntary dismissal of his case by court order under Fed. R. Civ. P. 41(a)(2).  (Docket Entry #14.) Plaintiff asks that his claim be dismissed without prejudice so that he may obtain counsel, which he has had some difficulty doing, and presumably re-file.  (Docket Entry #13.)  Rule 41(a)(2) allows the court to dismiss a claim at the request of the plaintiff, after the defendant has filed an answer, when the court deems such action proper.  This decision is within the court's sound judicial discretion.  *See Shaffer v. Evans*, 263 F.2d 134, 135 (1958).  However, because Plaintiff's claims against Defendants have no merit, and Plaintiff could not state an effective claim with regards to this issue if his case were dismissed without prejudice and he were allowed to file another claim, his motion for voluntary dismissal should be denied. Rather, his case should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry #8) be **GRANTED.  IT IS FURTHER RECOMMENDED** that Defendant's request for sanctions (Docket Entry #8) be **GRANTED,** and that Plaintiff be required to pay Defendants' costs and attorney fees associated with Defendants' Motion to Dismiss.  **IT IS FURTHER RECOMMENDED** that

Plaintiff's Motion for Voluntary Dismissal of Certain Defendants and for Sanctions (Docket Entry #14) be **DENIED**.  Finally **IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  *See* 28 U.S.C § 636(b)(1).  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 9th day of April, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge