IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT AUSTIN BARTLETT,<br><br>          Plaintiff,<br><br>     v.<br><br>THOMAS EDWARD WELLS and RUTH ALICE WELLS FAMILY TRUSTS & RUTH SIXSTONE-WELLS JOINT AND SEVERAL; ROKNEBO, INC.; RUTH SIXSTONE-WELLS; YARN COMPANY OF PALM DESERT, LLC; MAHLER CORPORATION; MATT H. MORRIS; THE J. WELLS & WELLS COLLECTION; and DOES 1-10;<br><br>          Defendants. | Case No. 2:08-CV-367-TC<br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion for Attorney Fees filed by Defendants Ruth Sixstone-Wells, Thomas Edward Wells, and Ruth Alice Wells Family Trusts, Yarn Co. of Palm Desert, LLC, and the J. Wells & Wells Collection.  (Docket Entry #27.)  This motion was referred to United States Magistrate Samuel Alba by United States Chief District Judge Tena Campbell, pursuant to 28 U.S.C. § 636(b)(1)(B), to address the issue of attorney fees.  (Docket Entry #29.)  The court has concluded that oral argument is not necessary, and has determined the motion on the basis of the written submissions.  *See* DUCivR 7-1(f).

Because the matter before the court is Defendants' motion for attorney fees, which is considered a dispositive motion, the magistrate judge cannot enter a final ruling. *See Insurance Co. Of N. Am. v. Bath*, No. 90-8083, 1992 WL 113746, at *2 (10th Cir. May 27, 1992) (unpublished) ("A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1)."); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Instead, the court enters this report and recommendation for the district court's consideration.

## BACKGROUND

On April 9, 2009, this court entered a Report and Recommendation (hereafter "R&R), recommending that the district court grant Defendants' Motion to Dismiss and for Sanctions, including attorney fees.  (Docket Entry #25.)  At the R&R's conclusion, the parties were notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(c).  The parties were notified that they were required to file any objection to the R&R within ten days after receiving it, and that any failure to object may constitute waiver of objections upon subsequent review.  (Docket Entry #25.)  Neither party filed an objection to the R&R.

On April 28, 2009, Judge Campbell entered an order adopting the R&R as the order of the court.  (Docket Entry #25.)  On May

6, 2009, a judgment was entered in Defendants' favor against
Plaintiff.  (Docket Entry #26.)  Consistent with Judge Campbell's
order, that judgment provides, in relevant part, "Defendants are
awarded their costs and attorneys' fees associated with
defendants' motion to dismiss."   (Docket Entry #26.)

On May 20, 2009, consistent with the court's judgment,
Defendants filed their Motion for Attorney Fees and a supporting
Declaration detailing the attorney fees expended in representing
Defendants in this matter.  (Docket Entries #27, 28.)  No
response to the motion has been filed, and the time for
responding has expired.  *See* DUCivR7-1(b)(4)(B); *see also* Fed. R.
Civ. P. 6(a), (d).

## ANALYSIS

In their motion, Defendants seek an attorney fee award of
$3,882.50.  (Docket Entry #27, at 2.)  The court has carefully
reviewed the motion, as well as the accompanying declaration of
Defendants' counsel.  Based upon that review, the court has
determined that the number of hours expended and the hourly rates
associated with those hours are reasonable.  *See* Fed. R. Civ. P.
11(c)(4).

## RECOMMENDATION

Because the court has determined the attorney fee award
sought is reasonable, and because the motion is unopposed, **IT IS
HEREBY RECOMMENDED** that

1.  Defendants' motion for attorney fees (Docket Entry #27) be **GRANTED**.

2.  Defendants be awarded attorney fees in the amount of **$3,882.50**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  *See* 28 U.S.C § 636(b)(1).  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 19th day of June, 2009.

BY THE COURT:


Samuel Alba
United States Magistrate Judge